ISAAC BRYANT *vs.* MARY L. SMITH, Executrix.

A., as guardian of an insane person, received a joint note signed by B. and C. B. being afterwards appointed guardian in place of A., received from him all the ward's property, including the note, and gave him a receipt in full. *Held,* that B. could not afterwards maintain an action on the note, in the name of A. against C. as the note was extinguished by such surrender to one joint maker.

ASSUMPSIT on a promissory note of the following tenor: " $350. For value received, we promise Isaac Bryant to pay him, or order, three hundred and fifty dollars in two years from date, with interest annually.

" March 24, 1838.      HIRAM SMITH.
"Attest, R. Putnam.      MOSES B. SMITH."

The defendant was the executrix of Hiram Smith, one of the makers of the note, and the defence was a payment and extinguishment of the same.

It appeared that the plaintiff received the note as guardian of John Smith, an insane person, and held the same, in that capacity, until 1843, when Moses B. Smith, the other maker, was appointed guardian in place of the plaintiff. The plaintiff never settled any account, as guardian, in the probate court, but delivered over to said Moses B. Smith all the property of said John Smith, including the note now in suit, and received from him this receipt:

" Worcester, October 26, 1843. I have this day examined the account of Isaac Bryant, late guardian of John Smith, an

insane person, brought down to June 6, 1843, by which there appears to be a balance in his hands of $353.85. Said account appears to be correct, and is satisfactory to me, and I have received of said Bryant the above balance.

" Moses B. Smith, guardian of John Smith."

Said Moses B. Smith retained the note in suit, and it not having been paid by said Hiram Smith, the defendant's intestate, Moses B. directed this suit to be brought in the payee's name, for the benefit of the estate of John Smith; and Bryant stated in answers to interrogatories put to him by the defendant under *St.* 1852, *c.* 312, which were read by the defendant, that he did not deliver the note to said Moses B. as a paid note, but as a valid and good note to hold for the benefit of John Smith, and that he expected his name would be used, if necessary, to sue and collect the same. But the presiding judge of the court of common pleas, *Merrick*, J. ruled that the delivery of the note, in the manner before stated, operated as a discharge and extinguishment of the same, and a verdict being returned for the defendant, the plaintiff excepted to the above ruling.

*F. H. Dewey*, for the plaintiff.

The reception of the note by Moses B. Smith did not operate as a payment and discharge of said note.

The rule that a debt due from an executor to the testate is to be considered as extinguished, and the executor accountable for the amount, applies only in two cases.

1. When the debt could be enforced only by executor bringing a suit against himself.

2. Where the executor, in his account, assumes the debt as received or paid. *Stevens* v. *Gaylord*, 11 Mass. 267; *Winship* v. *Bass*, 12 Mass. 203; *Hobart* v. *Stone*, 10 Pick. 220; *Kinney* v. *Ensign*, 18 Pick. 236; *Ipswich Manuf. Co.* v. *Story*, 5 Met. 313, 315.

This note not being indorsed, whenever sued, could be sued only in the name of Bryant. It does not even run to Bryant as guardian.

If another guardian should now be appointed, he could sue the note in Bryant's name, or, if indorsed, in his own name.

In cases where the heirs or creditors might consider the note as paid or to be accounted for, a co-promisor cannot set up that defence. Defendant's testate lost no rights by the acceptance of the guardianship by his co-promisor, and there is no equity in the defence. *Kinney* v. *Ensign*, 18 Pick. 234, 236.

If the effect of the acceptance of the office of executor or guardian by one promisor, is to discharge all co-promisors, the security of the ward may be lessened.

The receipt is not an acknowledgment of the note having been paid, because any inferences drawn from the receipt are qualified by the statements of Bryant, which are to be considered in connection with the receipt.

*E. Washburn,* for the defendant.

BY THE COURT. We think the directions of the judge at the trial were right. Moses B. Smith was joint promisor on the note with Hiram. It is a well-settled rule that payment by one of two joint debtors is an extinguishment of the debt. *Tuckerman* v. *Newhall,* 17 Mass. 581. When this note was delivered by the promisee, who took it as guardian, to his successor, Moses B. Smith, one of the joint promisors, he, Smith, in effect became holder. He was liable as joint debtor *in solido* for the whole debt. The capacity of debtor and creditor both became united in him, and this operated as a merger. He could not sue his co-joint promisor severally, because the contract was joint; and he certainly could not sue himself. He became liable to account for it to his ward, nor could he put it in circulation so as to bind his co-promisor, or his estate. It was, we think, in legal effect, an extinguishment. *Exceptions overruled.*